UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RICARDO FIGUEROA-PADILLA,

        Plaintiff,

v.                                  Case No:   6:19-cv-2119-Orl-37GJK

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

REPORT AND RECOMMENDATION

    Ricardo Figueroa-Padilla (the "Claimant"), appeals from a final decision of the Commissioner of Social Security (the "Commissioner"), denying his application for Social Security Disability benefits. Doc. No. 1. Claimant's alleged disability onset date is March 9, 2015. R. 784. This is Claimant's second appearance before this Court. *Figueroa-Padilla v. Comm'r Soc. Sec.*, No: 6:16-cv-1813-Orl-TBS, 2017 WL 3712483 (M.D. Fla. Aug. 29, 2017). On August 29, 2017, the Court reversed the Commissioner's determination that Claimant was not disabled and remanded for further proceedings because the Administrative Law Judge (the "ALJ") gave the Veteran's Administration ("VA") disability rating no weight based on the sole reason that the VA uses different standards to determine disability. *Id.* On remand, the ALJ afforded the VA rating "some weight," and Claimant once again argues that the ALJ erred by failing to provide adequate reasons for assigning the VA

disability rating some weight. Doc. No. 31 at 26-28. Claimant also argues that the ALJ erred in assigning Claimant's treating physician's opinion little weight, failing to assign weight to a different treating physician's opinion, and by falsely stating that there was no prescription for a cane in the record.[1] *Id.* at 28-29. Because Claimant fails to demonstrate that the ALJ's decision lacks supporting substantial evidence or that any error the ALJ made would affect the outcome, it is **RECOMMENDED** that the final decision of the Commissioner be **AFFIRMED**.

I.  **STANDARD OF REVIEW.**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g) (2010). Substantial evidence is more than a scintilla–i.e., the evidence must do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the

---

[1] Claimant's second issue is stated as that the hypothetical question posed to the Vocational Expert ("VE") was not supported by substantial evidence, but this argument relies on the Court agreeing with Claimant regarding the issues discussed above. Doc. No. 31 at 40. As this argument is wholly dependent on the success of Claimant's other arguments, it likewise fails.

reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The Court must view the evidence as a whole, considering evidence that is favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

## II.  ANALYSIS.

Claimant argues that the ALJ erred by failing to provide adequate reasons for giving the VA's disability rating some weight, assigning Claimant's treating physician's opinion little weight, failing to assign weight to a different treating physician's opinions, and incorrectly stating that there was no prescription for a cane in the record. Doc. No. 31 at 26-29. Claimant presents these four distinct issues under the heading "Issue Number 1." *Id.* at 24. The Commissioner's decision to use subheadings within his response to the issues is appreciated, but both counsel should recognize that these issues needed to be addressed in separate subsections. Instead, the Joint Memo blatantly violates the Scheduling Order, which states, "Each issue should be set forth in a separate subheading." Doc. No. 22 at 4. Failure

to properly enumerate the issues results in an increased and unnecessary burden on the Court in discerning and adjudicating the issues.

## A. The VA Rating

On May 6, 2015, Claimant's treating psychiatrist, Dr. Frederick Petty from the VA, gave Claimant a 90% disability rating connected to his service in the army, including 70% due to post-traumatic stress disorder ("PTSD") and 50% due to sleep apnea syndromes. R. 464-65. In the ALJ's decision dated July 25, 2019, the ALJ found that Claimant suffers from the following severe impairments: "posttraumatic stress disorder (PTSD); anxiety; depression; headaches; hypertension; sleep apnea; status post (s/p) spinal fusion; disorders of the spine and chronic pain (20 CFR 404.1520(c))." R. 781, 787.

Despite finding that Claimant suffers from the severe impairments of PTSD and sleep apnea, as the VA did, the ALJ afforded the VA disability rating only "some weight." R. 796. The ALJ stated that "the VA disability rating system is a vastly different process that does not address numerous factors which are relevant to the issues of disability under the Social Security Regulations."[2] R. 796. The ALJ also stated that the 90% rating "lacks detailed VA rationale . . . ."[3] R. 796. Claimant

---

[2] This reason is identical to the ALJ's sole reason for affording the VA disability rating little weight in Claimant's first appearance before the ALJ. *Figueroa-Padilla v. Comm'r of Soc. Sec.*, No: 6:16-cv-1813-Orl-TBS, 2017 WL 3712483, at *3 (M.D. Fla. 2017).

[3] Claimant had notice that the lack of detailed rationale supporting the VA's disability rating would be an issue and still declined to provide it (if such a rationale exists). *Figueroa-Padilla*, No: 6:16-cv-1813-Orl-TBS, 2017 WL 3712483, at *4.

argues that these reasons are inadequate for failing to give the VA disability rating great weight. Doc. No. 31 at 27. But Claimant acknowledges what the record reflects, i.e., that the ALJ reviewed the VA's medical records and that "the letter regarding the claimant's VA benefits does not note the reasoning for the 90% rating . . . ." Doc. No. 31 at 26, 27. Claimant does not argue that these reasons are unsupported by substantial evidence. Doc. No. 31 at 24-30. Thus, Claimant's argument that the ALJ erred in weighing the VA's disability rating is rejected.[4] *See Noble v. Commissioner of Social Security*, 963 F.3d 1317, 1330 (11th Cir. 2020) (in reviewing Social Security agency's treatment of VA disability rating, the district court must determine first if the ALJ considered the VA rating, and second, if the weight the ALJ assigned the rating is supported by substantial evidence).

### B. Assigning Claimant's Treating Physician's Opinion Little Weight

Claimant's second argument is that the ALJ erred in assigning the opinion of Claimant's treating psychiatrist, Dr. Petty, little weight. Doc. No. 31 at 28. On May 22, 2015, and August 21, 2015, Dr. Petty stated that Claimant was unable to work due to Claimant's PTSD and depression and the side effects from his medication. R. 655, 660. Claimant argues that the ALJ erred by focusing on

---

[4] Claimant's attempt to find support for the VA's rating elsewhere in the record, by relying on Dr. Petty's opinion (Doc. No. 31 at 26), is also rejected because the VA opinion does not contain any such justification. R. 464-65.

Claimant's benign medical records and overlooked the records demonstrating Claimant's PTSD and side effects. *Id.* at 28-29.

In *Winschel v. Commissioner of Social Security*, the Eleventh Circuit held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. 631 F.3d 1176, 1178-79 (11th Cir. 2011) (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2)); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)). The opinions of examining physicians are generally given more weight than non-examining physicians, treating more than non-treating, and specialists more than non-specialists. 20 C.F.R. § 404.1527(c).

Good cause exists to give a treating physician's opinion less than substantial weight when the opinion is not bolstered by the evidence, the evidence supports a contrary finding, or the opinion is conclusory or inconsistent with the physician's medical records. *Johnson v. Barnhart*, 138 F. App'x 266, 270 (11th Cir. 2005) (quoting *Phillips*, 357 F.3d at 1240-41).[5] A failure to specifically articulate evidence contrary

---

[5] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

to a treating doctor's opinion requires remand. *Poplardo v. Astrue*, No. 3:06-cv-1101-J-MCR, 2008 WL 68593 at *11 (M.D. Fla. Jan. 4, 2008); *Paltan v. Comm'r of Soc. Sec.*, No. 6:07-cv-932-Orl-19DAB, 2008 WL 1848342 at *5 (M.D. Fla. Apr. 22, 2008) ("The ALJ's failure to explain how [the treating doctor's] opinion was 'inconsistent with the medical evidence' renders review impossible and remand is required."). However, it is axiomatic that the ALJ need not discuss each and every piece of medical evidence contained within a particular treatment note. *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) ("[T]here is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision . . . is not a broad rejection which is not enough to enable [the Court] to conclude that [the ALJ] considered her medical condition as a whole." (internal quotation marks omitted)).

The ALJ stated that he assigned little weight to Dr. Petty's opinion that Claimant cannot work because Dr. Petty did not provide a rationale or supportive clinical findings, the opinion is conclusory, it speaks to an issue reserved to the Commissioner, and Dr. Petty's notes are unsupported by the treatment records. R. 796. The ALJ specifically referenced Dr. Petty's notes that Claimant was stable on medication, functioning well with therapy, and had largely normal mental status evaluations, citing exhibits 4F, 5F, and 9F. R. 796.

Before giving his decision on the weight afforded Dr. Petty's opinion, the ALJ noted that Claimant completed an online college program in 2016 and earned a bachelor's degree. R. 791. The ALJ then reviewed Dr. Petty's treatment notes. R. 791-92. The ALJ included notes from Claimant's January 2016 visit to Dr. Petty, wherein Dr. Petty noted that Claimant was doing well; had no chief complaints; was responding well to medication; was in good spirits; had good energy, insight, and judgment; normal concentration, attention, and memory; and reported a "2" for pain assessment on a scale of 1 to 10, with 10 representing the greatest pain. R. 791. Notes from Dr. Petty's October 2015 visit state that Claimant was stabilized with medication, was sleeping better and less irritable, and his mental status examination was "essentially normal." R. 791-92. No treatment changes were indicated. R. 792. A November 2017 treatment note from Dr. Petty states that Claimant was "'doing okay during the day most days with Diazepam.'" R. 792 (quoting Exhibit 12F at 95-99). Once again, Claimant's mental status examination was "entirely within normal limits[,]" and his pain level was 3. R. 792. The treatment note from a visit in April 2018 stated that Claimant had a cooperative attitude; intact attention, concentration, and memory; and good insight and judgment. R. 792. Claimant's current medications were continued. R. 792. The September 2018 treatment note states that Claimant is responding well to medication and treatment and "'overall feels medications are "right."'". R. 792

(quoting Exhibit 12F at 57-61). Although Claimant showed general malaise, anhedonia, anxiety, a grumpy mood and insomnia, Dr. Petty stated that Claimant was doing okay most days. R. 792. In November 2018, Dr. Petty noted that Claimant was sleeping better, and his current combination of medications were the best sleep medications he has had. R. 792. Claimant reported mood issues, but a depressed mood as a 3 out of 10, with 10 representing the most severe symptoms. R. 792. No concentration complaints were reported, Claimant had normal attention, concentration, memory, and thought content, and good insight and judgment. R. 792. In Dr. Petty's mental health treatment notes from May 6, 2015, Claimant is quoted as stating that the medications are working. R. 613. Dr. Petty states in the notes that no changes to the treatment plan are necessary, Claimant is responding well to treatment, his sleep is much improved, he is less irritable and more optimistic and feels that the medications are correct. R. 613. Claimant's mental status exam was mostly normal, his judgment and insight were good, and he was responding well to medication. R. 615-16.

After recounting Dr. Petty's treatment notes, the ALJ gave four distinct reasons for discounting his opinion: (1) Dr. Petty did not provide a rationale or supportive clinical findings; (2) the opinion is conclusory; (3) the opinion speaks to an issue reserved to the Commissioner; and (4) Dr. Petty's notes are unsupported by the treatment records. R. 796. The ALJ made clear the medical

evidence he relied on in determining the weight he afforded Dr. Petty's opinion. R. 791-92. The ALJ thus provided good cause supported by substantial evidence for discounting Dr. Petty's opinion.

Although Claimant states that the ALJ should have considered the side effects from his medications, as discussed above, there is also evidence regarding the side effects that contradicts Dr. Petty's opinion. Claimant's argument therefore asks the Court to impermissibly reweigh the evidence regarding Claimant's side effects. *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004). It is recommended that the Court reject Claimant's arguments regarding the weight the ALJ assigned to Dr. Petty's opinion.

### C. Failing to Assign Weight to a Treating Physician's Opinion

Claimant argues that the ALJ erred in failing to assign any weight to the opinion of his treating physician, Dr. Jess Salinas, who Claimant was seeing for pain management. Doc. No. 31 at 29. Claimant points to Dr. Salinas's statement in his treatment notes from 2017 and 2018 that "patient is unable to work secondary to his past medical conditions." *Id.*; R. 1017, 1020, 1023.

The Commissioner argues that this was not Dr. Salinas's opinion, but rather, Claimant's "subjective allegation that he was unable to work because of his past medical issues." Doc. No. 31 at 36. The Commissioner also argues that the issue of disability is reserved to him and an opinion on such an issue is not entitled to

significant weight. *Id.* Finally, the Commissioner argues that the ALJ had good cause to reject Dr. Salinas's opinion because it was inconsistent with his own treatment records. *Id.* at 37.

The statement in Dr. Salinas's notes that Claimant is unable to work is found under the heading "PLAN:" and is part of the following phrase: "will continue with getting authorization for [illegible]. [P]atient is unable to work secondary to his past medical conditions. [H]e wants to know what level he is at." R. 1017, 1020, 1023. It is not clear that this is Claimant's allegation, as opposed to Dr. Salinas's opinion, especially because it is under the heading for "plan," and there is no preceding phrase indicating that Claimant made this statement. R. 1017, 1020, 1023.

The Commissioner argues that the ALJ had good cause to reject Dr. Salinas's opinion because it was inconsistent with his own treatment records. Doc. No. 31 at 37. Using this as a basis to affirm the ALJ's failure to weigh Dr. Salinas's opinion would constitute an impermissible post hoc reason to uphold the decision. *See Baker v. Comm'r of Soc. Sec.*, 384 F. App'x 893, 896 (11th Cir. 2010) ("[A] court may not accept appellate counsel's *post hoc* rationalizations for agency actions," and "[i]f an action is to be upheld, it must be upheld on the same bases articulated in the agency's order") (citing *FPC v. Texaco Inc.*, 417 U.S. 380, 397 (1974)).

The Commissioner's argument that the failure to weigh Dr. Salinas's opinion that Claimant is unable to work was harmless because that is a determination reserved to the Commissioner does have merit, however. Section 404.1527(d)(1) of Title 20 of the CFR states the following:

> Medical source opinions on issues reserved to the Commissioner. Opinions on some issues, such as the examples that follow, are not medical opinions, as described in paragraph (a)(1) of this section, but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; i.e., that would direct the determination or decision of disability.
>
> (1) Opinions that you are disabled. We are responsible for making the determination or decision about whether you meet the statutory definition of disability. In so doing, we review all of the medical findings and other evidence that support a medical source's statement that you are disabled. A statement by a medical source that you are "disabled" or "unable to work" does not mean that we will determine that you are disabled.

Thus, under 20 C.F.R. § 404.1527(d)(1), an opinion from a medical source that a claimant is unable to work is not a medical opinion that would direct a finding of disability.

In *Figuera v. Commissioner of Social Security*, 819 F. App'x 870, 872 (11th Cir. 2020), the Eleventh Circuit relied on 20 C.F.R. § 404.1527(d)(1) in holding that the ALJ's error in failing to state the weight afforded to a physician's opinion that the claimant's condition was debilitating and chronic was harmless. The conclusion that the claimant's condition was debilitating went to the disability determination,

which is an issue reserved to the Commissioner. *Id.* In addition, the residual functional capacity assigned by the ALJ was supported by substantial evidence. *Id.*

Here, the conclusion that Claimant cannot work is an issue reserved to the Commissioner and not considered a medical opinion. 20 C.F.R. § 404.1527(d)(1). As in *Figueroa*, the ALJ's error in failing to state the weight afforded that conclusion is harmless.

### D. Incorrectly Stating There was no Prescription for a Cane

The ALJ incorrectly stated that Claimant did not have a prescription for a cane. R. 538, 795. Claimant argues that the prescription for a cane "should have also been factored into the claimant's residual functional capacity determination." Doc. No. 31 at 29. This error is harmless. At the hearing, the VE testified that a cane was not an impediment to employment. R. 855. Even if the ALJ included a cane in Claimant's residual functional capacity, it would not have changed the VE's testimony that a person with Claimant's residual functional capacity could perform the jobs he listed; therefore, the ALJ's error in stating that the cane was not prescribed was harmless. *See Williams v. Barnhart,* 140 F. App'x 932, 936 (11th Cir. 2005) (omission from hypothetical question to VE was harmless because it would not have altered the VE's testimony).

**III.    CONCLUSION.**

Because none of Claimant's arguments have merit, it is **RECOMMENDED** that:

1. The final decision of the Commissioner be **AFFIRMED**; and

2. The Clerk be directed to enter judgment for the Commissioner and close the case.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida, on December 28, 2020.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Shea A. Fugate, Esq.
Law Offices of Shea A. Fugate
P.O. Box 940989
Maitland, FL 32794

Maria Chapa Lopez
United States Attorney

John F. Rudy, III
Assistant United States Attorney
400 N. Tampa St.
Suite 3200
Tampa, FL 33602

Christopher G. Harris, Regional Chief Counsel
John C. Stoner, Regional Deputy Chief Counsel
Megan Gideon, Branch Chief
Avni Gandhi, Assistant Regional Counsel
Social Security Administration
Office of the General Counsel, Region IV
Atlanta Federal Center
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia 30303

The Honorable K. Barlow
Administrative Law Judge
Office of Hearings Operations
Bldg. 400, Suite 400
8880 Freedom Crossing Trail
Jacksonville, FL 32256-1224